SCOTT A. HEIART, ESQ. (SAH3178)
Scott.heiart@carlinward.com
**CARLIN, WARD, ASH & HEIART, LLC**
25B Vreeland Road, Suite 102
P. O. Box 751
Florham Park, New Jersey 07932
973-377-3350
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IMPORTERS SERVICE CORPORATION<br><br>Plaintiff,<br>v.<br><br>MARIO ALIOTTA; RE INTERNATIONAL IMPORT-EXPORT LIMITED; ALIOTTA HOLDINGS LIMITED; RE DUE SICILIE LIMITED; ALIOTTA HOLDINGS SERVICE COMPANY LIMITED; I LOVE FOOD LIMITED; WSA CONSTRUCTION LIMITED; RE AGRICULTURE LIMITED; JOHN AND JANE DOES 1-10; ABC CORPS. 1-10.<br><br>Defendants. | Civil Action No. 2:22-cv-4640<br><br>**COMPLAINT AND JURY DEMAND**<br><br>DOCUMENT FILED ELECTRONICALLY |

Plaintiff, Importers Service Corporation, by way of Complaint against the Defendants, says:

**THE PARTIES**

1.   Plaintiff, Importers Service Corporation, d/b/a ISC Gums, (hereinafter "ISC") is a corporation of the State of New Jersey with its principal place of business located at 65 Brunswick Ave. Edison, New Jersey 08817.

1

2. Defendant, Mario Aliotta, is an Italian national and resident of the United Kingdom with an address of 366 High Street, Berkhamsted, Hertfordshire HP4 1HU.

3. RE International Import-Export Limited (hereinafter "RE International") is a company organized under the laws of England and Wales which was incorporated by, and whose current sole director is, Mario Aliotta.

4. Aliotta Holdings Limited is a company organized under the laws of England and Wales and is owned and controlled primarily by Mario Aliotta, and whose current sole director is, Mario Aliotta.

5. RE Due Sicilie Limited is a company organized under the laws of England and Wales whose former director was Mario Aliotta and whose beneficial owner used to be Aliotta Holdings Limited.

6. Aliotta Holdings Service Company Limited is a company organized under the laws of England and Wales whose current sole director is Mario Aliotta and whose beneficial owner is Defendant, Aliotta Holdings Limited.

7. I Love Food Limited is a company organized under the laws of England and Wales whose current sole director is Mario Aliotta and whose beneficial owner is Defendant Aliotta Holdings Limited.

8. WSA Construction Limited is a company organized under the laws of England and Wales, and for which one of the current directors is Mario Aliotta, and whose majority shareholder is Aliotta Holdings Limited.

9.  RE Agriculture Limited is a company organized under the laws of England and Wales whose director is Mario Aliotta's sister and whose shares are held, in part, by Aliotta Holdings Limited (RE Agriculture Limited, together with WSA Construction Limited, I Love Food Limited, Aliotta Holdings Service Company Limited, RE Due Sicilie Limited, and Aliotta Holdings Limited are hereinafter collectively referred to as the "Aliotta Entities").

10. John and Jane Does 1-10 are fictitious individuals whose identities are currently unknown but who benefited by or were involved in the conduct alleged in this action or who received the funds procured by any of the Defendants as a product of the fraud or conduct alleged in this action.

11. ABC Corps. 1-10 are fictitious entities whose identities are currently unknown and of which Mr. Aliotta, RE International, any of the Aliotta Entities, or John and Jane Does 1-10 are managers, directors, or hold a controlling interest and which were involved in the conduct alleged in this action or who received the funds procured by any of the Defendants as a product of the fraud or conduct alleged in this action

**JURISDICTION**

12. This Court has jurisdiction of this action pursuant to United States Code, 28 U.S.C. §1332(a), diversity of citizenship, because Plaintiff is a citizen of the State of New Jersey and Defendants are citizens of a different foreign state, and the matter

3

in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

13. This Court has jurisdiction over Defendants because:

   a. Mr. Aliotta is a director of ISC Europe Limited, a company organized under the laws of England and Wales and a wholly owned subsidiary of ISC, a New Jersey corporation;

   b. In his capacity as director of ISC Europe Limited, Mr. Aliotta traveled to New Jersey on an almost annual basis to do business with ISC and attend trade shows;

   c. The purchase orders for Mr. Aliotta's/RE International's services which are the subject of this action were prepared in New Jersey;

   d. To have the purchase orders prepared, Mr. Aliotta would frequently place telephone calls or send email communications into the State of New Jersey and communicate with officers and employees of ISC;

   e. The fraud alleged in this action occurred as a product of communications made into the State of New Jersey and against ISC;

   f. The cell phone on which Mr. Aliotta does business with ISC has a 908, New Jersey, area code;

   g. Mr. Aliotta has rented properties and spent summers in New Jersey;

   h. During one trip to New Jersey with his wife, they stayed for a period of several weeks so that his wife could give birth to his twin sons so they could be born in New Jersey and obtain dual citizenship between the United States and the United Kingdom.

   i. Mr. Aliotta has requested an in-person meeting with ISC in which he would travel to its headquarters in Edison, New Jersey.

   j. Mr. Aliotta's recent communications with ISC states he frequently travels to the United States for trade shows

4

and is intending on attending an industry trade show in Chicago this summer.

## VENUE

14. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §1391(a)(2) because the losses and injuries alleged in this action occurred in this District; the fraud alleged in this action is product of communications made into this District; Mr. Aliotta is employed by ISC Europe, Limited whose parent company is ISC, which is incorporated in this District; Mr. Aliotta's invoices were paid out of this District; Mr. Aliotta frequents this District for business and personal purposes as set forth in Paragraph 13.

15. Alternatively, venue is properly laid in New Jersey pursuant to 28 U.S.C. §1391(a)(3) because Defendants are subject to the personal jurisdiction of the District Court of New Jersey.

## OPERATIVE FACTS

16. ISC imports consignments of raw gum acacia from suppliers principally in Africa into the United States. The gum acacia is then processed in ISC's plant in Edison New Jersey and sold globally.

17. The processed gum acacia is either sold domestically through ISC to be used as part of the manufacture of food products and soft drinks or exported to ISC Europe Limited, a subsidiary of ISC, to be sold abroad.

18. In or about May 2006, ISC hired Mr. Aliotta to serve as the director of ISC Europe Limited.

5

19. Around that time, ISC also agreed to have Mr. Aliotta, together with his company, RE International, serve as the intermediary between ISC and suppliers of raw gum acacia.

20. In that regard, ISC agreed to have RE International acquire raw gum acacia from suppliers.

21. Mr. Aliotta was supposed to negotiate a price per metric ton with the suppliers, add in his $50.00 commission per metric ton, and then quote that price with the already included commission to ISC (hereinafter collectively the "Supplier Price")

22. RE International would then export the raw gum acacia to ISC in bags containing its business logo.

23. Per the agreement between ISC and Mr. Aliotta/RE International, ISC was to pay to RE International the Supplier Price.

24. No other compensation was to be provided to RE International or Mr. Aliotta for the procurement of the raw gum acacia product from international suppliers.

25. Unbeknownst to ISC at the time, rather than providing the actual Supplier Price as required by the agreement between the parties, Mr. Aliotta would instead quote ISC an inflated price of his own choosing which included an increase to his commission above and beyond the agreed upon $50.00 per metric ton commission (hereinafter the "Aliotta Inflated Price").

6

26. Upon information and belief, to prevent ISC from discovering that he fraudulently inflated the price, Mr. Aliotta would include in the contracts between RE International and the suppliers, a clause in the supplier agreements which expressly states that any attempt by the supplier to contact ISC directly constituted a breach of the agreement.

27. The impact of this clause was to keep ISC and the suppliers in the dark about the scheme Mr. Aliotta and RE International was engaging in.

28. Believing the Aliotta Inflated Price to be the actual Supplier Price, ISC would remit the Aliotta Inflated Price to RE International.

29. Employing the foregoing scheme, Mr. Aliotta has over the last decade fraudulently obtained in excess of One-Million Dollars in funds from ISC.

30. Upon information and belief, Mr. Aliotta would launder the fraudulently procured funds through one or more of the Aliotta Entities.

31. Despite the agreement between the parties also calling for RE International to pay the suppliers for the raw gum acacia, it has since been discovered that on certain occasions Mr. Aliotta either failed to pay in full or delayed payment to certain suppliers for the product despite seeking to recover and actually receiving the payment of the Aliotta Inflated Price from ISC.

7

32. Upon information and belief, this additional money was also retained by Mr. Aliotta and laundered through one or more of the Aliotta Entities.

## COUNT ONE
### (Fraud)

33. Plaintiff repeats and incorporates the foregoing paragraphs as if fully set forth herein.

34. Between 2012 and present, Mr. Aliotta, in his capacity as director of RE International submitted numerous invoices to ISC via email and other communication methods, from his purported purchase of raw gum acacia in which Mr. Aliotta represented the Aliotta Inflated Price to be the actual Supplier Price.

35. As a product of his fraudulent misrepresentation, Mr. Aliotta obtained, per invoice, between $5.00 and $400.00 in commissions per metric ton of raw gum acacia product over and above the $50.00 per metric ton which the parties agreed to.

36. At no point did Mr. Aliotta indicate to ISC that his invoices were for the Aliotta Inflated Price and not the actual Supplier Price.

37. At no point did Mr. Aliotta engage in any conduct that would lead ISC to believe that he was submitting invoices for anything other than the actual Supplier Price.

38. At no point did ISC agree to pay Mr. Aliotta or RE International anything other than the actual Supplier Price.

8

39. Given Mr. Aliotta's concurrent position as director of ISC's subsidiary, ISC Europe Limited, ISC reasonably relied upon Mr. Aliotta's misrepresentations that he was submitting invoices which contained the actual Supplier Price.

40. It was not until some of the suppliers actually contacted ISC that it was made aware of Mr. Aliotta's fraud.

41. Through this repeated pattern/scheme, Mr. Aliotta and RE International defrauded ISC out of over One-Million Dollars in excess funds over the amount to which he would have otherwise been entitled under the agreement between the parties.

42. As a direct and proximate result of Mr. Aliotta's fraud, ISC has been severely damaged.

**WHEREFORE**, ISC demands judgment against Defendants,

   A. Awarding compensatory damages to ISC;

   B. Awarding punitive damages to ISC;

   C. Awarding ISC its reasonable attorney's fees and costs; and

   D. Granting ISC such other and further relief as the Court deems just.

**COUNT TWO**
**(Mail/Wire Fraud – 18 U.S.C. §1341 and §1343)**

43. Plaintiff repeats and incorporates the foregoing paragraphs as if fully set forth herein.

44. Mr. Aliotta, together with RE International, the Aliotta Entities, John and Jane Does 1-10, and ABC Corps. 1-10, knowingly

and willfully, and with a specific intent to defraud, participated in a scheme designed to defraud ISC by, among other things, misrepresenting the Aliotta Inflated Price as the actual Supplier Price and demanding payment of the Aliotta Inflated Price without having first paid the supplier for the raw gum acacia acquired.

45. Mr. Aliotta, together with RE International, the Aliotta Entities, John and Jane Does 1-10, and ABC Corps. 1-10, knowingly permitted the fraud to continue and received, accepted and benefitted from the gains of the fraud.

46. In furtherance of this scheme to defraud ISC, Mr. Aliotta, together with RE International, the Aliotta Entities, John and Jane Does 1-10, and ABC Corps. 1-10 made frequent and repeated use of telephonic and interstate electronic communications.

47. As a direct and proximate result of the foregoing acts, ISC was damaged.

**WHEREFORE**, ISC demands judgment against Defendants,

A. Awarding compensatory damages to ISC;

B. Awarding punitive damages to ISC;

C. Awarding ISC its reasonable attorney's fees and costs; and

D. Granting ISC such other and further relief as the Court deems just.

## COUNT THREE
### (Unjust Enrichment)

48. Plaintiff repeats and incorporates the foregoing paragraphs as if fully set forth herein.

49. By and through the fraudulent misrepresentation of the Aliotta Inflated Price as the Supplier Price, and by having ISC pay the Aliotta Inflated Price Defendants received a benefit at the expense of the Plaintiff to which they were not entitled.

50. Defendants' retention of the money acquired from ISC through their fraudulent, unlawful and tortious conduct is unjust and requires renumeration.

**WHEREFORE**, ISC demands judgment against Defendants,

A. Awarding compensatory damages to ISC;

B. Awarding punitive damages to ISC;

C. Awarding ISC its reasonable attorney's fees and costs; and

D. Granting ISC such other and further relief as the Court deems just.

## COUNT FOUR
### (Breach of the Duty of Loyalty)

51. Plaintiff repeats and incorporates the foregoing paragraphs as if fully set forth herein.

52. In his capacity as Director, Mr. Aliotta owed ISC Europe Limited, and its parent company, ISC, an undivided duty of loyalty and could not, while serving in that capacity, act contrary to their interests.

53. By defrauding ISC and engaging in other conduct designed to benefit himself, RE International, the Aliotta Entities, at the expense of ISC, Mr. Aliotta breached his duty of loyalty to ISC.

54. As a direct and proximate cause of Mr. Aliotta's breach of his duty of loyalty to ISC, ISC was damaged.

**WHEREFORE**, ISC demands judgment against Defendants,

A. Awarding compensatory damages to ISC;

B. Awarding punitive damages to ISC;

C. Awarding ISC its reasonable attorney's fees and costs; and

D. Granting ISC such other and further relief as the Court deems just.

## COUNT FIVE
### (Conversion)

55. Plaintiff repeats and incorporates the foregoing paragraphs as if fully set forth herein.

56. At no point did Plaintiff intend to relinquish its right of possession of, or ownership interest in, any funds which exceeded the actual Supplier Price per metric ton for the raw gum acacia products.

57. Mr. Aliotta and RE International's receipt of any funds which exceeded the actual Supplier Price per metric ton was without authorization and was the product of fraud.

58. The acquisition of the funds which exceeded the actual Supplier Price per metric ton and the subsequent transfer of those

funds to the Aliotta Entities, John and Jane Does 1-10 and ABC Corps. 1-10 was to the exclusion of ISC's ownership interest in the funds.

59. The receipt of any funds which exceeded the actual Supplier Price per metric ton of raw acacia product by Mr. Aliotta and RE International, the transfer of those funds to the Aliotta Entities, John and Jane Does 1-10 and ABC Corps. 1-10, and the receipt of those funds by the Aliotta Entities, John and Jane Does 1-10 and ABC Corps. 1-10 constitute separate and distinct acts of conversion.

**WHEREFORE**, ISC demands judgment against Defendants,

A. Awarding compensatory damages to ISC;

B. Awarding punitive damages to ISC;

C. Awarding ISC its reasonable attorney's fees and costs; and

D. Granting ISC such other and further relief as the Court deems just.

## COUNT SIX
### (Civil Conspiracy)

60. Plaintiff repeats and incorporates the foregoing paragraphs as if fully set forth herein.

61. Mr. Aliotta, together with RE International, the Aliotta Entities, John and Jane Does 1-10 and ABC Corps. 1-10 conspired and formed an agreement with a common purpose of defrauding ISC out of funds to which Defendants are not entitled.

62. As a direct and proximate cause of this agreement, ISC was damaged.

**WHEREFORE**, ISC demands judgment against Defendants,

A. Awarding compensatory damages to ISC;

B. Awarding punitive damages to ISC;

C. Awarding ISC its reasonable attorney's fees and costs; and

D. Granting ISC such other and further relief as the Court deems just.

**CARLIN, WARD, ASH & HEIART, LLC**

Attorneys for Plaintiff

*Scott A. Heiart*
Dated: July 19, 2022           SCOTT A. HEIART, ESQ.

### CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned certifies that the matter in controversy is not the subject matter of any other action pending in any Court or of any pending arbitration or administrative hearing.

**CARLIN, WARD, ASH & HEIART, LLC**

Attorneys for Plaintiff

*Scott A. Heiart*
SCOTT A. HEIART, ESQ.
Dated: July 19, 2022

**JURY DEMAND**

Plaintiff hereby demands trial by jury as to all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**CARLIN, WARD, ASH & HEIART, LLC**

Attorneys for Plaintiff

*Scott A. Heiart*
SCOTT A. HEIART, ESQ.

Dated: July 19, 2022

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Importers Service Corporation

### DEFENDANTS
Mario Aliotta; RE International Import-Export Limited; Aliotta Holdings Limited; RE Due Sicilie Limited; Aliotta Holdings Service Company Limited; I Love Food Limited; WSA Construciton Limited; RE Agriculture Limited; John and Jane Does 1-10; ABC Corps 1-10.

**(b)** County of Residence of First Listed Plaintiff: Middlesex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Citizen of Foreign Country
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Carlin, Ward, Ash & Heiart LLC
25B Vreeland Rd, PO Box 751
Florham Park, NJ 07932, (973)377-3350

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [X] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [X] 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 USC 1332
Brief description of cause: Common Law Fraud and Coversion

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ In excess of $75,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* N/A
JUDGE _____ DOCKET NUMBER _____

DATE: July 19, 2022
SIGNATURE OF ATTORNEY OF RECORD: s/ Scott A. Heiart, Esq. (SAH3178)

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____